[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendants-Intervenors Yale-New Haven Hospital and Yale University ("Yale") have moved to dismiss this administrative appeal for lack of subject matter jurisdiction. The factual background of this appeal is as follows.
The plaintiff is a labor union ("Union") representing the interests of "approximately sixty (60) nursing, clerical, administrative, food service and custodial employees" at Yale Psychiatric Institute ("YPI"). (Complaint, ¶ 2.) On behalf of those employees, the Union filed this appeal from a decision of the Office of Health Care Access ("OHCA"), which approved Yale's application for a certificate of need proposing Yale-New Haven Hospital's acquisition of YPI. The Union had been granted intervenor status in the proceedings before the OHCA on March 1, 2000. (Complaint, ¶¶ 5, 6.) This appeal was brought pursuant to General Statutes § 4-183.
Yale moves to dismiss on the ground that there is no statutory right to appeal by the Union.[1]
To resolve this issue, the court must turn to the language of the statutes in question. General Statutes § 19a-641 provides that "[a]ny health care facility or institution . . . aggrieved by any final decision of [OHCA] under the provisions of [§ 19a-638] may appeal therefrom in accordance with the provisions of § 4-183, except that venue shall be in the judicial district in which it is located." The appeal is given precedence over all other cases, except habeas corpus, actions brought by CT Page 14295 the state, and worker's compensation appeals. Section 4-183 (a) is more general, allowing an aggrieved person to appeal from a final decision of an agency.
It is axiomatic in the case of administrative appeals that these appeals "exist only under statutory authority." Office of Consumer Counselv. Department of Public Utility Control, 234 Conn. 624, 640 (1995);Beizer v. Department of Labor, 56 Conn. App. 347, 362, cert. denied,252 Conn. 937 (2000). Where a specific statute authorizes an administrative appeal, its terms will govern. The case of Szymanski v.Department of Health Services, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 350051 (October 19, 1990, Hammer, J.) is directly on point. There, a patient bled to death while receiving hemodialysis treatment at Hartford Hospital. The survivors of the patient were given intervenor status at a hearing on this incident before the Department of Health. The hearing was eventually terminated on an agreement between the hospital and the agency. General Statutes §19a-501 allowed an appeal by "[a]ny person who is the holder of a license or certificate, or the state. . . ." The intervenors' appeal solely under § 4-183 was dismissed by Judge Hammer: "`A statutory provision that articulates with greater specificity the resolution of a particular controversy is presumed to prevail over a more general provision,'" Id., quoting State v. Daniels, 207 Conn. 374, 393 (1988).
Szymanski also references CBIA v. Commission on Hospitals and HealthCare, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 355112 (July 13, 1989, Schaller, J.)[2] The court in Connecticut Business and Industry Association construed § 19a-158, the predecessor to § 19a-641, holding:
 If the court were to allow the plaintiffs to appeal from the decision of the Commission on Hospitals and Health Care pursuant to Conn. Gen. Stats. sec. 4-183, the purpose and meaning of Conn. Gen. Stats. sec. 19a-158
[the more specific statute] would thus be thwarted and rendered superfluous. . . . Moreover, if plaintiffs had standing to bring the appeal pursuant to Conn. Gen. Stats. sec. 4-183, then, arguably, any health care facility or institution could proceed directly under section 4-183. Instead, the legislature chose to allow only health care facilities or institutions the right to bring an appeal from a Commission on Hospitals and Health Care decision.
Szymanski v. Department of Health Services, supra, Superior Court, Docket No. 350015, quoting Connecticut Business and Industry Association v.CT Page 14296Commission on Hospitals and Health Care, supra, Superior Court, Docket No. 35512; see also Connecticut Medical Society v. Commission onHospitals and Health Care, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 322810 (August 12, 1991) (reaching the same conclusion).[3]
This logic continues to apply here under § 19a-641. The Union argues that § 19a-641 was designed specifically for the health care provider and the intervenor might rely on the more general provisions of § 4-183 (a). The Union bases this contention on the special venue and expedited scheduling provisions of § 19a-641. The court does not consider the clear language of the statute delineating who might take an appeal under § 19a-641 as affected by these provisions. Indeed, such an interpretation would lead to the result that a health care provider may take an expedited appeal under § 19a-641 while an intervenor taking an appeal under § 4-183 may be heard on a different, perhaps less expedited schedule. This clearly was not the legislative intent in OHCA cases where time is of the essence. See, e.g. §§ 19a-638 (b),19a-639 (b).
The Union also argues that an intervenor would be, under the court's interpretation, foreclosed from raising its issues beyond the administrative process. Here, pursuant to § 19a-643, OHCA promulgated regulations allowing participation by intervenors when such participation will furnish assistance in resolving the contested case. Regs., Conn. State Agencies § 19a-643-38. Thus it is contemplated by the regulatory scheme that intervenors will, from time to time, appear at a hearing on a certificate of need request. The legislature decided, however, that a Union intervenor at an OHCA proceeding is not permitted to appeal from an OHCA decision.[4]
The outcome here must be contrasted with Connecticut Empl. Union v.State Dept. of Insurance, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 573468 (October 1, 1998).Connecticut Employees Union was an administrative appeal challenging a merger of Blue Shield of Connecticut and Anthem Insurance Companies. In that case, the intervenors at the administrative agency, who included the Union's counsel here, were able to appeal under General Statutes §38a-139 and § 4-183. The language in § 38a-139, however, provided that "any person" was authorized to appeal.
Since § 19a-641 specifically governs and does not provide for an appeal by the Union, who is not a "health care facility or institution," the motion to dismiss is granted for lack of subject matter jurisdiction. CT Page 14297
Henry S. Cohn, Judge